# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL TRINGELOF,

            Petitioner,    :    Case No. 1:20-cv-620

   - vs -                            District Judge Susan J. Dlott
                                         Magistrate Judge Michael R. Merz

TIM SHOOP, Warden[1],
  Chillicothe Correctional Institution,

                                   :
            Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Michael Tringelof with the assistance of counsel and pursuant to 28 U.S.C. § 2254, is before the Court on Respondent's Motion to Dismiss the case as time-barred (ECF No. 9). Petitioner filed a Response in Opposition (ECF No. 10) and the time within which Respondent could have filed a reply memorandum in support has expired. The Motion is accordingly ripe for decision.

The Magistrate Judge reference in this case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District.

28 U.S.C. § 2244(d), as enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA")  provides:

---

[1] The Attorney General advises that Tim Shoop is the Warden at Petitioner's place of confinement, Chillicothe Correctional Institution, and is therefor the proper respondent in this case.  The caption is ordered amended accordingly.

1

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent calculates the statute as running from the date on which the conviction became final, September 13, 2012, because Petitioner did not appeal and the time for appeal of right expired thirty days later on October 15, 2012 (Motion, ECF No. 9, PageID 388).

Petitioner's next action in an attempt to obtain relief from his conviction was to file a motion to withdraw his guilty plea pursuant to Ohio R. Crim. P. 32.1 on December 14, 2016 (State Court Record, ECF No. 8, Ex. 9).

Petitioner asserts his Petition is timely because a criminal conviction in Ohio is not final when the appeal is complete or the time for appeal expires because there is no time limit on filing

a motion to withdraw under Ohio Crim. R. 32.1. (Response, ECF No. 10, PageID 396, citing *State v. Bush,* 96 Ohio St. 3d 235 (2002)).

In *Bush* the State had urged that a petition for post-conviction relief under Ohio Revised Code § 2953.21 was the exclusive means by which a defendant could raise post-conviction claims that his conviction was unconstitutional. The Supreme Court of Ohio held, however, that a motion to withdraw a guilty plea under Crim. R. 32.1 was independent of Ohio Revised Code § 2953.21 and not governed by the statute of limitations applicable to that remedy. *Bush* at ¶ 14.

> R.C. 2953.21 and 2953.23 do not govern the timeliness of such a motion. And Crim.R. 32.1 itself does not prescribe a time limitation. This is not to say that timeliness is not a consideration, however, as an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." *Smith*, 49 Ohio St.2d 261, 3 O.O.3d 402, 361 N.E.2d 1324, paragraph three of the syllabus.

*Bush* thus supports the proposition that there is no fixed time limit on filing a motion to withdraw under Ohio R. Crim. P.32.1. But it provides no support for the proposition that an Ohio criminal judgment is not final when the time for appeal expires. If the possibility of filing a motion to withdraw the guilty plea prevented a conviction from becoming final, a defendant could presumably file a direct appeal of right two or three years after being convicted. But that is not Ohio law. Rather, a defendant who misses the thirty-day deadline for appeal must obtain leave of the court of appeals to file a delayed appeal.

On this claim of non-finality, Petitioner's counsel constructs an additional claim that Congress, in enacting the statute of limitations 28 U.S.C. § 2244(d), has encroached on state sovereignty in violation of "the Ninth Amendment, Tenth Amendment, the due process clause of the Fourteenth Amendment[,] and principles of federalism." (Response, ECF No. 10, PageID 396).

"The State of Ohio," Petitioner says, "not the federal government, determines what is timely and properly filed under Ohio state law, not the United States." *Id.*

With all due respect to this novel argument, it is completely unpersuasive. § 2244(d) does not purport in any way to place any time limits on actions in the Ohio courts. Instead, it provides a time limit for habeas corpus actions in federal courts. The Supreme Court has repeatedly applied § 2244(b), even permitting the lower court to raise the defense *sua sponte*. *Day v. McDonough*, 547 U.S. 198 (2006). The Supreme Court has recognized equitable tolling and actual innocence exceptions to § 2244(d). See *Holland v. Florida*, 560 U.S. 631, 646 (2010), and *McQuiggin v. Perkins*, 569 U.S. 383 (2013). But it has not even suggested that enacting a federal statute of limitations for a federal cause of action somehow intruded on state sovereignty.

Petitioner draws support for his novel claim from the jurisprudence surrounding the statute of limitations for actions under 42 U.S.C. § 1983. The analogy is unpersuasive. Congress has never enacted a statute of limitations for § 1983 actions and the federal courts thus "borrow" the state period of limitations for the most analogous state cause of action. *Hardin v. Straub,* 490 U.S. 536 (1989). But the statute of limitations in 28 U.S.C. § 2244(d) is not "borrowed" by the federal courts, but enacted directly by Congress.

Under 28 U.S.C. § 2244(d)(2), a properly filed state court attack on a judgment will toll the statute of limitations while it is pending, but a motion to withdraw a guilty plea, even if properly filed under Ohio law, can only toll the statute, not restart it once it has expired.

In this case, Tringelof's conviction was final October 15, 2012, when he failed to appeal. The statute therefore expired October 15, 2013, unless Petitioner did something in the interim to toll the statute. But in fact he did nothing until December 14, 2016. Although his Motion to Withdraw was not barred by any Ohio statute of limitations, it was filed more than three years after

4

the federal statute expired.

Petitioner next argues his conviction did not become final until his sexual offender registration status was amended (Response, ECF No. 10, PageID 397). He relies on 28 U.S.C. § 2244(d)(1)(D), postponing commencement of the statute of limitations until a petitioner discovers, in the exercise of due diligence, the factual predicate of his claim. *Id.*

At the time of conviction, Petitioner had been classified as a Tier III sex offender under the Adam Walsh Act (Notice of Duties, State Court Record, ECF No. 8, Ex. 8). The Motion to Withdraw, filed on Tringelof's behalf by the same attorney who represents him in this habeas corpus proceeding, says nothing about any alleged improper classification (Motion to Withdraw, State Court Record, ECF No. 8, Ex. 9). It was instead the prosecutor who brought the incorrect classification to the trial court's attention. *Id.* at Ex. 10, PageID 88. In the course of denying the Motion to Withdraw, the trial judge dealt with this issue as follows:

> The Court, as denoted by the prosecutor, did mistakenly notify the defendant that he is classified as a Tier III sex offender under the Adam Walsh Act. In fact, the defendant committed the offenses in question prior to Adam Walsh, and the Court should have conducted a sexual classification hearing pursuant to Megan's Law. However, such an error does not render a plea invalid, nor does it affect whether the plea was knowingly, intelligently, or voluntarily made. *State v. McDonald*, 12th Dist. No. CA.2013-07-056, 2014-Ohio-989, ,J28-29, citing *State v. Dotson*, 12th Dist. No. CA.2007-11-025, 2008-Ohio-4965. The failure to conduct the sexual classification hearing, and the misapplication of the Adam Walsh Act, does not affect this Court's substantial compliance with Crim.R. 11(C). *Id*. Consequently, while the Court must bring the defendant back to Court to conduct a sexual classification hearing, and advise him under Megan's Law, the Court need not allow the withdrawal of the plea as a result.

(Judgment Entry, State Court Record, ECF No. 8, PageID 97-98)

When he appealed from denial of the motion to withdraw, Tringelof raised only one assignment of error, to wit, that his plea was voidable on the basis of ineffective assistance of trial

counsel (Appellant's Brief, State Court Record, ECF No. 8, PageID 119).  Nowhere in his Brief did he suggest that the mistake as to Adam Walsh affected the voluntariness of his plea or that the trial court was in error in scheduling a hearing under Meghan's Law.  *Id.* Nor did Tringelof raise any issue relating to his classification as a sexual predator in his appeal to the Supreme Court of Ohio (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 8, Ex. 18).

Petitioner's Third Ground for Relief pleads that he was improperly classified as a sexual predator in that no evidence of sexual motivation for his crimes was presented (Petition, ECF No. 1, PageID 9).   His claim related to § 2244(d)(1)(D) seems to be that the statute of limitations on Third Ground for Relief began to run when he discovered the factual predicate for the claim (Response, ECF No. 10, PageID 397).  Certainly he knew that the trial court was attributing a sexual motivation to his crimes when he was originally classified as a sex offender under Adams Walsh at the time of sentencing.  Based on that fact, the time to file under § 2244(d)(1)(D) would have become started to run when the time for direct appeal expired, October 15, 2012.  But even if he claimed, implausibly, that he only learned of the trial court's attribution of sexual motivation at the time the trial judge entered the corrected sex offender findings under Meghan's Law, that was well over a year before the Petition was filed.

Entirely apart from the timing of this claim, Tringelof has procedurally defaulted on this claim in that he has never presented it to the Ohio courts as a federal constitutional claim.

Finally, even if Tringelof had properly presented and preserved this claim, he would not be entitled to habeas corpus relief.  Classification under the Ohio sexual predator statute does not result in custody sufficient to permit testing by writ of habeas corpus.  *Leslie v. Randle,* 296 F.3d 518 (6th Cir. 2002).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 8, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

**NOTICE REGARDING RECORD CITATIONS**

The attention of all parties is called to S. D. Ohio Civ. R. 7.2(b)(5) which provides:

7

> (5) **Pinpoint Citations**. Except for Social Security cases, which must comply with S.D. Ohio Civ. R. 8.1(d), all filings in this Court that reference a prior filing must provide pinpoint citations to the PageID number in the prior filing being referenced, along with a brief title and the docket number (ECF No. ___ or Doc. No. ___) of the document referenced.

The Court's electronic filing system inserts in all filings hyperlinks to the place in the record which has been cited following this Rule. However, as with most computer systems, the CM/ECF program cannot read pinpoint citations which do not follow the Rule precisely. For example, the first pinpoint citation in ODRC's Reply reads "Plaintiff argues that he could not bring this action until "administrative remedies as (sic) are exhausted (sic)." (Doc. 80, PageId# 987)." The correct citation would have been Doc. No. 80, PageID 987." Because Defendant added the "#" symbol, the program failed to inset a hyperlink. Use of this software is mandated by the Judicial Conference of the United States and cannot be locally modified. **The parties are cautioned to comply precisely with S. D. Ohio Civ. R. 7.2(b)(5) in any further filings.**