# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

MICHAEL TRINGELOF,

            Petitioner,        :    Case No. 1:20-cv-620

- vs -                                District Judge Susan J. Dlott
                                            Magistrate Judge Michael R. Merz

TIM SHOOP, Warden,
  Chillicothe Correctional Institution,

                                         :

            Respondent.

## DECISION AND ORDER

This habeas corpus case is before the Court on Objections by Petitioner Michael Tringelof (ECF No. 13) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 12), recommending the Petition be dismissed with prejudice as time-barred.

As required by Fed.R.Civ.P. 72(b), the Court has reviewed *de novo* each portion of the Report to which substantial objection has been made and rules on those Objections in this Order.

Petitioner begins by quoting 28 U.S.C. § 2244(d)(1)(A) which provides that the AEDPA statute runs from "[t]he date on which the judgment became final by conclusion of direct review *or the expiration of time for seeking such review.*" (Objections, ECF No. 13, PageID 410. Emphasis sic). He then notes that the statute does not "address state provisions for delayed appeals" and asserts federal courts must give deference to such provisions. *Id.*

Petitioner mentioned nothing about delayed appeals in his Response to the Motion to Dismiss (ECF No. 10) nor did he ever seek to file a delayed direct appeal from his conviction (See State Court

1

Record, ECF No. 8), so deference to a hypothetical delayed appeal is not directly relevant to this case. However, the Court agrees that it would be proper to allow a later start date for the statute of limitations if an Ohio court of appeals granted a delayed direct appeal. That is because the granting of such an appeal would make the conviction non-final as of the date a delayed appeal and it would not become final again until the delayed appeal was finally decided. However, there is no federalism or comity concern involved with deferring to a possible hypothetical delayed appeal which has never been requested.

Petitioner next turns to the absence of a fixed time limit in Ohio law for filing a motion to withdraw a guilty plea under Ohio R. Crim. P. 32.1 (Objections, ECF No. 13, PageID 411). Petitioner argues that this fact implies that the federal statute of limitations never runs because a Rule 32.1 motion is never untimely. "This [implication] is called federalism and comity; respect for state law." *Id.*

Accepting this interpretation of 28 U.S.C. § 2244 would read the statute of limitations out of the AEDPA for Ohio cases. In interpreting that statute. the Court looks to Congressional purpose in adopting it. Can that possibly have been the Congressional purpose in enacting the statute of limitations? In any event Petitioner cites no federal case law adopting this interpretation.

Instead of case law interpreting § 2244(d)(1), Petitioner relies on *Bostock v. Clayton County*, 140 S. Ct. 1431 (2020), where the Supreme Court held an employer who discriminates in employment against someone on the basis of homosexual or transgender status is liable under Title VII if the sex, understood as biological identification at birth, was a but-for cause of the discrimination. *Bostock* strongly exemplifies a textualist or "plain meaning' approach to statutory interpretation. Applying that logic to § 2244(d), Petitioner argues that "final on direct review" must mean "final after every possible state court remedy allowed under state law has been exhausted." If a State allows multiple collateral attacks for some sort, as Ohio does with motions to withdraw guilty pleas, "final" would effectively mean "never." Petitioner offers no dictionary definitions of

"final" to support his position or other evidence of the public understanding of "final" at the time AEDPA was enacted. The Magistrate Judge's interpretation of "final" in the Report is consistent with Congressional intent and not inconsistent with any plain meaning of "final" in the statute. Petitioner's Objections based on the availability of a motion to withdraw guilty plea are overruled.

**Conclusion**

Having found no error of law in the Report, the Court hereby adopts it. The Petition herein is dismissed with prejudice as time-barred. The Clerk will enter judgment accordingly. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and that the Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 22, 2021.

_____
Susan J. Dlott
United States District Judge